**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-23923-CV-WILLIAMS**

21 AIR PILOTS ASSOCIATION, INC.,

    Plaintiff,

v.

21 AIR, LLC *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on the Motion to Dismiss (DE 6) filed by Defendants 21 Air, LLC, Michael Mendez, and Olga Guerra ("***Defendants***") and the Motion to Remand (DE 15) filed by Plaintiff 21 Air Pilots Association, Inc. ("***Plaintiff***"). For the reasons set forth below, Defendants' Motion to Dismiss (DE 6) is **GRANTED** and Plaintiff's Motion to Remand and for Attorney's Fees (DE 15) is **DENIED**.

**I. BACKGROUND**

Defendant 21 Air, LLC (***"21 Air"***) is an air carrier subject to the Railway Labor Act, with pilots represented by the labor organization known as 21 Air Pilots Association (***"TAPA"***). (DE 8-3 at 4.) In December 2022, TAPA's pilots elected new leadership, removing officers Karl Seuring ("***Seuring***"), Charles Bless ("***Bless***"), and James Scheidler ("***Scheidler***").[1] (DE 6 at 1.) 21 Air recognized the new officers as the legitimate

---

[1] Plaintiff is identified as "21 Air Pilots Association, Inc.," which is an entity composed of Seuring, Bless, and Scheidler, the officers removed in the December 2022 election. A review of the collective bargaining agreement annexed to Defendants' Motion to Dismiss reveals that 21 Air maintains contractual privity with the 21 Air Pilots Association, not to be confused with Plaintiff "21 Air Pilots Association, Inc."

representatives of TAPA and contends that it engaged with the new officers in good faith. (*Id.* at 3.)  However, 21 Air Pilots Association Inc. alleges that the election ousting the former officers was improper, claiming that the former officers still hold their positions within the labor organization. (DE 6-1 at 116.)

As such, Plaintiff brought this civil action against Defendants in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida alleging tortious interference with a contract ("**Count I**") and civil theft of $9,000 in dues and fees ("**Count II**") under Florida state law. (DE 8-3 at 5–7.) Defendants seek to dismiss Plaintiff's claims, arguing that the state law claims are preempted by the Labor-Management Reporting and Disclosure Act ("**LMRDA**"), which empowered only the Secretary of Labor to investigate and ultimately file suit in a federal district court challenging the results of a union election "already conducted." (DE 6 at 2.)  Instead of filing a response in opposition to Defendant's Motion to Dismiss, Plaintiff filed its Motion to Remand (DE 15), asserting that the case is not about the validity of the election but rather about Defendants' interference with Plaintiff's business operations and Defendants' violations of Florida's civil theft statute. Moreover, Plaintiff claims that Defendants' attempt to establish federal jurisdiction is meritless and the case should be returned to state court.

## II.   LEGAL STANDARD

### A.  *Subject-Matter Jurisdiction.*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Attacks on subject-matter jurisdiction come in two forms: "facial attacks" and "factual attacks."

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Facial challenges to subject-matter jurisdiction require the Court to base its decision solely on the allegations in the complaint.  *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  In contrast, a factual attack challenges the actual existence of subject matter jurisdiction by presenting extrinsic materials, such as affidavits or testimony, outside the pleadings. *Stalley*, 524 F.3d at 1232.

### III.  DISCUSSION

In short, Plaintiff's ability to allege their state law claims hinges on the legitimacy of the union election held in December 2022.  Plaintiff invokes the "well-pleaded complaint" rule, which holds that the existence of federal question jurisdiction is determined solely by the allegations in the plaintiff's complaint, without considering any anticipated defenses the defendant might raise. (DE 15 at 2); *see, e.g.*, *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).  However, courts have recognized an exception to this rule when a particular area of state law has been completely preempted by federal law. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).  Under this exception, a claim that is based on state law that has been fully preempted by federal law is, from the outset, considered a federal claim and arises under federal jurisdiction.  *Id.*  In the present case, the LMRDA completely preempts Plaintiff's state law claims, placing this case within the exception to the well-pleaded complaint rule.

Defendant correctly argues that complete preemption provides a basis for removal when a federal cause of action occupies the field in which plaintiff's claim arises and "wholly displaces" any state-law causes of action. *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058 (2003).  In this case, the relevant "field" pertains to the validity of a

union election, which is governed by federal law. In particular, Plaintiff's state law claims are preempted by the LMRDA, as they fall within the scope of Title IV which "gives the Secretary of Labor exclusive authority to bring post-election challenge suits." *Mims v. Teamsters Local No. 728*, 821 F.2d 1568 (11th Cir. 1987); *see* 29 U.S.C. §§ 481–483. While this Court would have jurisdiction over such a claim under the LMRDA, only the Secretary of Labor has standing to bring it. *Trbovich v. UMW*, 404 U.S. 528, 92 S. Ct. 630 (1972). Moreover, Plaintiff has made Defendants aware that they intend to present election impropriety charges to the Department of Labor, Office of Labor Management Standards, urging their investigation into the recall that was conducted. (DE 6-1 at 111.) Therefore, because the Secretary of Labor has not yet investigated or filed a lawsuit based on an investigation, and because Plaintiff's state law claims depend on the outcome of such an investigation, Defendant's Motion to Dismiss is granted.

## IV.　CONCLUSION

Accordingly, having carefully reviewed the record and for the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants 21 Air, LLC, Michael Mendez, and Olga Guerra's Motion to Dismiss (DE 6) is **GRANTED**.

2. Plaintiff's Complaint (DE 6-3) is **DISMISSED**.

3. Plaintiff 21 Air Pilots Association, Inc.'s Motion to Remand and for Attorney's Fees (DE 15) is **DENIED**

4. All other pending motions are **DENIED AS MOOT** and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>22nd</u> day of November, 2024.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE